**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Francisco Jose TORRES–VASQUEZ,**
**Defendant–Appellant.**

**No. 03–40835.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, John Richard Berry, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Francisco Jose Torres–Vasquez appeals his guilty-plea conviction for possession with intent to distribute more than 50 kilograms of marijuana. He argues that 21 U.S.C. § 841 is unconstitutional in view of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that this argument is foreclosed by *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000), but states that he is raising it to preserve it for possible Supreme Court review. The argument that *Apprendi* rendered 21 U.S.C. § 841 facially unconstitutional was rejected in *Slaughter*. We are bound by this precedent absent an intervening Supreme Court decision or a subsequent *en banc* decision. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999). Therefore, this issue is foreclosed.

Torres–Vasquez argues that the supervised release condition which prohibits him from possessing dangerous weapons conflicts with the district court's oral pronouncement of the sentence and must be deleted. The Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any dangerous weapon during the term of supervised release. U.S.S.G. § 5D1.3(d)(1). "If the district court orally imposes a sentence without stating the conditions applicable to this period of supervision, the judgments inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *United States v. Torres–Aguilar*, 352 F.3d 934, 938 (5th Cir.2003).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.